## ADOPTION OF EMILY.

No. 87-933.

Middlesex. February 18, 1988. — April 6, 1988.

Present: ARMSTRONG, DREBEN, & WARNER, JJ.

*Adoption,* Care and protection. *Practice, Civil,* Adoption, Moot case. *Moot Question. Parent and Child,* Care and protection of minor. *Minor,* Care and protection, Custody. *Jurisdiction,* Care and protection of minor.

Statute 1983, c. 437, amending G. L. c. 210, § 3(*b*), permitted a petition by the Department of Social Services to be filed and a decree entered in the Probate Court to dispense with parents' consent to the adoption of their child notwithstanding the pendency of the father's appeal from an order in an earlier care and protection proceeding regarding the same child brought in a District Court under G. L. c. 119, § 24. [581-582]

PETITION filed in the Middlesex Division of the Probate and Family Court Department on June 23, 1986.

A motion for a continuance was heard by *Vincent F. Leahy,* J., and the case was reported by him to the Appeals Court.

*Christina L. Harms* for the Department of Social Services.

*Bette A. Winik,* for the mother, was present but did not argue.

WARNER, J. On June 28, 1985, a District Court judge found the parents of Emily unfit and ordered her permanently committed to the care and custody of the Department of Social Services (department). See G. L. c. 119, § 26. On July 8, 1985, the father appealed, and the appeal was docketed in this court on March 5, 1987. Meanwhile, the department, on June 23, 1986, filed in a Probate Court a petition to dispense with the parents' consent to the adoption of Emily. See G. L. c. 210, § 3(*b*).

On February 19, 1987, a Probate Court judge ordered that the trial of the petition to dispense with consent be postponed until after a decision had been rendered in the father's appeal in the District Court care and protection proceeding. The judge

took this action, he said in part, because: "It would be incongruous for a Probate Court to allow a c. 210, § 3, petition and then have the Appeals Court reverse a District Court judgment which found a child to be in need of care and protection."

At the request of the department, the probate judge, on August 5, 1987, reserved and reported (see G. L. c. 215, § 13) the following question: "Whether G. L. [c. 210,] § 3(*b*), permits a petition brought by the Department . . . to be filed and a decree entered notwithstanding the pendency of an appeal from the allowance of an earlier care and protection proceeding brought under G. L. c. 119, § 24." In his reservation and report, the judge tells us that he postponed the trial on the petition to dispense with consent because: "I adopted the position that the G. L. c. 210, § 3, petition could not be heard while the appeal was pending." If the reported question were not moot, we would answer it "yes."[1]

In *Adoption of a Minor*, 386 Mass. 741 (1982), the court held that, "when a child's lawful parent is actively opposing a pending petition for care and custody of the child, neither the Department nor any other person has such 'care or custody' [see G. L. c. 210, § 3(*a*) and (*b*),] of the child as is necessary to initiate an adoption proceeding without parental consent" (at 748-749). In that case, a District Court judge had granted permanent custody of the child to the department in a care and protection proceeding. The mother appealed to the juvenile appeals session (an appellate route then prescribed, see G. L. c. 119, § 27, as appearing in St. 1978, c. 478, § 51), and the appeal was pending when the foster parents (to whom the department had entrusted the care and custody of the child) filed a petition for adoption in a Probate Court. The Supreme Judicial Court pointed out the undesirable consequences (which trou-

---

[1] On August 21, 1987, this court affirmed the District Court order in the care and protection proceeding. See *Care and Protection of Emily*, 24 Mass. App. Ct. 1113 (1987). The question in this case is, therefore, moot. The department urges us to decide the issue. We do so because the problem is of obvious public importance and is likely to arise again but, as here, evade review by an appellate court. See *Brown* v. *Guerrier*, 390 Mass. 631, 632-633 (1983); *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 782-784 (1984); *International Marathons, Inc.* v. *Attorney Gen.*, 392 Mass. 376, 380 (1984).

bled the probate judge in this case) of the possible conflict in orders where parallel proceedings are permitted. In explanation of its holding, however, the court said: "Our conclusions are *based on, and limited to*, the language of G. L. c. 210, § 3, and the relationship between care and protection proceedings and adoption proceedings when both are opposed by the child's parents" (emphasis supplied). *Id.* at 749.

In obvious response to the decision in *Adoption of a Minor*, the Legislature amended G. L. c. 210, § 3(*b*), by St. 1983, c. 437. That amendment added, in pertinent part, the following sentence: "A petition brought pursuant to [G. L. c. 210, § 3(*b*),] may be filed and a decree entered *notwithstanding the pendency of a petition brought under chapter one hundred and nineteen* [*care and protection*] . . . regarding the same child" (emphasis supplied).[2] The plain language of the 1983 amendment and the context in which it was adopted require the conclusion that it was the intent of the Legislature that the pendency of a care and protection proceeding at any stage should not preclude the department from proceeding with a petition to dispense with consent to adoption. Speedy resolution of cases involving issues of custody or adoption is desirable, see *Custody of a Minor*, 389 Mass. 755, 764 & n.2 (1983), and that goal was the undoubted purpose of the 1983 and 1985 amendments to G. L. c. 210, § 3(*b*). An equally important and complementary objective is the avoidance of conflicting orders in proceedings involving care and protection and dispensing with consent. There are salutary methods by which conflict and uncertainty may be minimized, if not resolved.[3] Given these remedies and

---

[2] Section 3(*b*) was further amended by St. 1985, c. 244, to add: "A temporary or permanent custody decree shall not be a requirement to the filing of such petition [to dispense with consent to adoption]."

[3] Statute 1983, c. 437, also added a provision which permits the Chief Administrative Justice of the Trial Court to assign judges of the court so that a petition under G. L. c. 210, § 3(*b*), will be heard simultaneously with all other custody proceedings (including care and protection). See also Trial Court Rule IV (1983). We urge the department to continue the practice (described to us at oral argument by general counsel to the department) of requesting consolidation of all custody-related proceedings whenever possible. We recognize that there may be situations (as apparently existed in this

the clear statement of the Commonwealth's policy by the amendments to G. L. c. 210, § 3(*b*), we think no sensible distinction can be drawn between the appellate and any other stage in the course of a care and protection proceeding.

Because the question reported is moot, the report from the probate judge is discharged.

*So ordered.*

---

case) where the decision to proceed with the drastic step of prosecuting a petition to dispense with consent to adoption is not, for good reason, made until after the decision in other custody proceedings. See *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption,* 367 Mass. 631, 646 (1975) ("Precipitate attempts to force adoption over parental objection simply because foster care has occurred are not consistent with the law and must be avoided"). Separate proceedings should be consolidated on appeal in appropriate circumstances. See Mass.R.A.P. 3(*b*), 365 Mass. 846 (1974).

In a case where a care and protection determination adverse to a parent is overturned on appeal during the course of the hearing on a petition to dispense with consent to adoption, we are confident that the parties would bring the appellate decision to the attention of the probate judge who would examine it carefully to determine what, if any, application it may have to the proceedings before him. In a situation where a decree had been entered allowing the G. L. c. 210, § 3(*b*), petition before the care and protection determination reversal, we note that (1) the decree is appealable, and (2) a parent may move (a) in the Probate Court for reconsideration within the period for claiming appeal, or, if an appeal has already been taken, for a stay of the decree, see Mass.R.A.P. 6(*a*), as amended, 378 Mass. 930-931 (1979), and (b) before a single justice of our appellate courts for a stay of the decree pending appeal and for such further orders as may be appropriate. *Ibid.*