ADOPTION OF PETER & others.[1] December 4, 1996. *District Court,* Jurisdiction. *Adoption,* Dispensing with parent's consent.

In 1990, pursuant to G. L. c. 119, §§ 24 & 26 (1990 ed.), the Department of Social Services (department) commenced this action as a care and protection proceeding concerning three children. In May, 1994, pursuant to St. 1992, c. 379, § 59, amending G. L. c. 210, § 1, the department moved to amend its petition to request that the court dispense with the parents' consent to the adoption of the three children. The motion was allowed. The 1992 amendment added the following paragraph to G. L. c. 210, § 1: "The district or juvenile court may, if it appears necessary or convenient, exercise the powers authorized by this chapter, but only in respect to a pending proceeding before such district or juvenile court."

After a hearing in 1995, a District Court judge, based on findings of fact that were supported by clear and convincing evidence, determined that the mother and the father (he did not oppose the petition) were unfit and allowed the petition. The mother has appealed, arguing that the judge lacked jurisdiction to enter the order dispensing with the need for her consent to the adoption of her children. We transferred the case to this court on our own motion. The contention lacks merit. See R.L. Ireland, Juvenile Law § 130 (Supp. 1995). We affirm the judgment.

The 1992 amendment permits a District Court judge to decide petitions to dispense with parental consent to adoption authorized by G. L. c. 210 (1994 ed.), if a care and protection proceeding is already pending in the District Court. That amendment makes it unnecessary to obtain from the Chief Administrative Justice of the Trial Court, pursuant to G. L. c. 210, § 3 (*b*), an interdepartmental assignment of a District Court judge to hear a petition to dispense with parental consent filed in the Probate and Family Court. A request to dispense with parental consent to adoption under G. L. c. 210, § 3, therefore, does not have to be filed in the Probate and Family Court if a care and protection or some other proceeding is already pending in a District (or Juvenile) Court. The amendment by its terms applies in the circumstances of this case, and there is no constitutional impediment to applying it to a District Court proceeding commenced before the amendment was enacted.[2]

*Judgment affirmed.*

*Daniel R. Katz* for the mother.

---

[1] Two other siblings.

[2] By amendment to G. L. c. 119, § 26 (see St. 1992, c. 303, § 2), a Juvenile Court judge, as part of a care and protection proceeding filed after the amendment's effective date, may enter an order to dispense with parental consent to adoption. R.L. Ireland, Juvenile Law § 130 (Supp. 1995).

*Ann Balmelli O'Connor,* Assistant General Counsel, for the Department of Social Services.

. *Paul W. Cormier* for the children.