Adoption of Donald & another.[1]

No. 97-P-1927.

Essex. March 3, 1998. - May 27, 1998.

Present: Kass, Jacobs, & Porada, JJ.

*Adoption,* Care and protection, Dispensing with parent's consent. *Parent and Child,* Care and protection of minor, Dispensing with parent's consent to adoption. *Rules of Appellate Procedure. District Court,* Jurisdiction. *Practice, Civil,* Notice of appeal, Dismissal of appeal, Computation of time. *Statute,* Construction.

This court concluded that, in light of the Legislature's amendments granting the District and Juvenile Courts jurisdiction concurrent with the Probate Court to consider petitions to dispense with parental consent to adoption of minor children, the sixty-day appeal period set forth in Mass.R.A.P. 4(a) governs a parent's appeal from a decision of the District Court dispensing with parental consent to adoption, and the ten-day appeal period set forth in G. L. c. 119, § 27, governing appeals in care and protection proceedings was not applicable. [859-862]

Petition filed in the Lynn Division of the District Court Department on October 8, 1993.

The case was heard by *Bonnie H. MacLeod-Griffin,* J., and motions to dismiss the appeal and for reconsideration were heard by *Michael F. Edgerton,* J.

*Robert J. McCarthy, Jr.,* for the mother.

*Steven L. Wollman* for the children.

*Virginia A. Peel* for Department of Social Services.

Porada, J. The principal issue presented by this case is whether the ten-day appeal period of G. L. c. 119, § 27, or the sixty-day appeal period of Mass.R.A.P. 4(a), as amended, 395 Mass. 1110 (1985), governs an appeal from a decision of the District Court adjudicating children in need of care and protection, awarding their permanent custody to the Department of

[1]Nicholas. Both names are fictitious.

Social Services (department), and dispensing with the parents' consent to adoption. A judge of the District Court ruled that the ten-day period of G. L. c. 119, § 27, governs and dismissed the mother's appeal as untimely. We reverse.

We summarize the procedural background pertinent to this appeal. On October 8, 1993, the department filed a care and protection petition in the District Court on behalf of the two minor children. Temporary custody of the two children was awarded to the department at that time. On February 23, 1994, the attorney for the two children filed a motion to amend the care and protection petition to permit the court to consider dispensing with the parents' consent to adoption. The motion was allowed. After a three-day trial, the judge entered detailed findings concluding that the parents were unfit and that the best interests of the children warranted an adjudication that they were in need of care and protection and should be committed to the permanent custody of the department. The judge also entered an order dispensing with the parents' consent to adoption of the children. The judgment entered on August 11, 1995. The mother filed a notice of appeal on September 19, 1995, thirty-nine days after the entry of judgment.

On July 26, 1996, the attorney for the children moved unsuccessfully to dismiss the appeal. In denying the motion, the judge noted, among other things, that the appeal was untimely because it had not been filed within ten days of the entry of judgment as required by G. L. c. 119, § 27, but declined to dismiss the appeal because of the "vital interests of the parent and child[ren]." On August 26, 1996, another judge of the District Court ordered that counsel for the mother (1) should proceed forthwith to prosecute the appeal by ordering cassettes of all of the hearings on the case necessary to prosecute the appeal; (2) should serve on all counsel of record copies of all cassette order forms; (3) should use best efforts to ensure that the cassettes were provided to him with dispatch; and (4) should report his progress to the court within thirty days.

On October 25, 1996, a new attorney for the mother filed a motion to extend the time for filing a notice of appeal, asserting as grounds an apparent conflict between G. L. c. 119, § 27, and Mass.R.A.P. 4(a). On November 6, 1996, counsel for the children renewed his motion for dismissal of the appeal on the grounds that the mother had failed to prosecute her appeal in a timely manner and had not filed a timely notice of appeal. On

November 15, 1996, the motion judge allowed the motion to dismiss the appeal and denied the mother's motion to extend the time to appeal. The motion judge granted the mother a hearing on her motion and then denied the motion on the grounds that the notice of appeal had not been filed within the applicable ten-day period required by G. L. c. 119, § 27, and that excusable neglect had not been demonstrated, thus precluding the allowance of the motion to extend the time for filing an appeal.

In this appeal from the judge's decision dismissing the appeal and denying reconsideration, the mother argues that her appeal was timely or, alternatively, that she had demonstrated excusable neglect in failing to file a timely appeal. She also argues that her counsel's failure to file a timely appeal constituted ineffective assistance of counsel and warrants reversal of the judgment.

Prior to 1992, the Juvenile Division of the District Court and the Juvenile Court did not have jurisdiction to hear petitions to dispense with parental consent to adoption. Jurisdiction over those petitions was vested solely in the Probate Court. G. L. c. 210, § 3, as in effect prior to St. 1992, c. 303, § 4. However, the Chief Administrative Justice of the Trial Court could, pursuant to G. L. c. 211B, § 9, designate a judge of the District Court or Juvenile Court to hear simultaneously a petition to dispense with parental consent to adoption and a petition for the care and protection of the children in question. G. L. c. 210, § 3(b), as inserted by St. 1983, c. 437. In 1992, the Legislature granted the District Court and Juvenile Court concurrent jurisdiction to terminate parental rights provided another proceeding relating to the custody of the child was pending before it. G. L. c. 210, § 1, as amended by St. 1992, c. 379, § 59. *Adoption of Peter*, 423 Mass. 1020 (1996). The Legislature also granted a District Court or Juvenile Court judge the authority, within the context of a care and protection proceeding, to enter an order dispensing with parental consent to adoption and provided that, once such an order entered, the parent had no right to seek a review or redetermination of the adjudication that the child is in need of care and protection. G. L. c. 119, § 26, as amended by St. 1992, c. 303, § 2.

We are of opinion that once the judge dispensed with parental consent to adoption in the care and protection proceeding, the appeal period was governed by Mass.R.A.P. 4(a) and not G. L.

c. 119, § 27. When the Legislature amended G. L. c. 119, § 26, and G. L. c. 210, § 3, to confer upon the Juvenile Division of the District Court and the Juvenile Court concurrent jurisdiction with the Probate Court over petitions to dispense with parental consent to adoption, it left intact the provisions of G. L. c. 119, § 27, which governed appeals in care and protection proceedings from the "adjudication of the court." The "adjudication" referred to in § 27 is solely a determination that the child is or is not in need of care and protection. *Custody of a Minor*, 389 Mass. 755, 763 (1983). However, once a judge allows a petition to terminate parental rights to consent to adoption, this action renders moot the care and protection proceeding. *Adoption of Simone*, 427 Mass. 34, 45 (1998). See G. L. c. 119, § 26, as amended by St. 1992, c. 303, § 3, which provides that any person against whom a decree dispensing with his or her consent to adoption has been entered shall not have a right to review or redetermination of the petition for care and protection. Consequently, the appeal becomes one solely from the allowance of the petition to dispense with the consent to adoption and should be governed by the same appeal period applicable to similar proceedings in the Probate Court, namely that set forth in Mass.R.A.P. 4(a). It is not to be lightly assumed that the Legislature would have intended to treat appellants from decrees dispensing with content to adoption differently depending upon which court entered the decree. See *Universal Adjustment Corp.* v. *Midland Bank, Ltd.*, 281 Mass. 303, 320 (1933) ("[e]qual protection of the laws in its constitutional sense implies that all litigants similarly situated may appeal to the courts both for relief and for defence under like conditions and with like protection and without discrimination").

Our opinion rests also on our construction of the 1992 amendments to G. L. c. 119 and c. 210. Statute 1992, c. 303, § 4, inserted the third paragraph to G. L. c. 210, § 3, which reads as follows:

> *"A juvenile court or a district court shall enter a decree dispensing with the need for consent of any person named in section two to the adoption of a child named in a petition filed pursuant to section twenty-four of chapter one hundred and nineteen in such court upon a finding that such child is in need of care and protection pursuant to section twenty-six of said chapter one hundred and nineteen and that*

*the best interests of the child as defined in paragraph (c) will be served by such decree.* Facts may be set forth either in the care and protection petition filed pursuant to said section twenty-four of said chapter one hundred and nineteen or upon a motion made in the course of a care and protection proceeding, alleging that the allowance of the petition or motion is in the best interests of the child." (Emphasis supplied.)

Simultaneously, the Legislature also amended G. L. c. 119, § 26, to add clause four, which allowed the entry of an order in a care and protection proceeding dispensing with parental consent to adoption upon a finding that the child is in need of care and protection and that the best interests of the child would be served by such an order, and to provide that "any person against whom a *decree* to dispense with consent to adoption has been entered pursuant to clause (4) shall not have [a] right to petition for review and redetermination [of the current needs of such child]." (Emphasis supplied.) St. 1992, c. 303, § 4. When the Legislature enacted those amendments, we can presume that it was aware of existing law relating to care and protection proceedings in the District and Juvenile Courts and the practices and procedures followed by those courts in handling those proceedings. See *Green* v. *Wyman-Gordon Co.*, 422 Mass. 551, 554 (1996). Nevertheless, the Legislature chose to empower those courts with the power to enter a "decree" rather than an "adjudication" or "judgment" and specifically referred to the fact that a "decree" would follow the entry of an order dispensing with the consent of any person named in G. L. c. 210, § 2. In order to give meaning to the language and the consequences of those amendments, we think that the Legislature intended that when a District Court judge or a Juvenile Court judge in a care and protection proceeding adjudicated a child in need of care and protection and dispensed with parental consent to adoption, there would be two separate adjudications, one represented by a decree dispensing with parental consent to adoption and the other represented by a judgment adjudicating the child in need of care and protection.[2] The effect thereof would allow the adjudication that a child is or is not in need of

---

[2]The judge's orders for judgment in this case implicitly recognized this by ordering a judgment adjudicating each child in need of care and protection and allowing "petitions" to dispense with the parents' consent to adoption.

services to be governed by the statutory ten-day appeal period set forth in G. L. c. 119, § 27, and the entry of the decree dispensing with the need of any person named in G. L. c. 210, § 2, to consent to adoption to be governed by the rules of appellate procedure. Such a construction is commensurate with our duty to construe various statutory provisions touching upon the same subject matter with due regard to them all so as to give a rational and workable effect to the whole so far as practicable. *School Comm. of Gloucester* v. *Gloucester*, 324 Mass. 209, 212 (1949). Such a construction allows litigants in those proceedings in the District and Juvenile Courts to be treated in the same manner as litigants in the Probate Court. We may add that such parity is fitting when the underlying order, severing parental rights, is one of such gravity. See *Adoption of Stuart*, 39 Mass. App. Ct 380, 381 (1995).

In light of our decision we need not address the mother's remaining claims of error. The dismissal of the appeal is reversed, and the mother is ordered to enter her appeal in this court forthwith.

*So ordered.*