ADOPTION OF DUVAL (and two companion cases[1,2]). No. 98-P-0892. February 24, 1999. *Appeals Court,* Appeal from order of single justice. *Rules of Appellate Procedure. Practice, Civil,* Stay of proceedings.

The lawful parents of three children, and the biological father of one of them, appeal from the denial, under Mass.R.A.P. 6(a), as amended, 378 Mass. 930-931 (1979), of motions for stays of decrees terminating parental rights without consent under G. L. c. 210, § 3, by a single justice of this court. Separate motions to stay the challenged decrees had previously been heard and denied by the Juvenile Court judge who had decided the cases and by another judge after the original judge retired. Assembly of the record under Mass.R.A.P. 9(a), as amended, 378 Mass. 939 (1979), has not yet occurred, even though a notice of appeal from the decrees dispensing with consent to adoption was filed on January 6, 1998. In April, 1998, decrees of adoption pursuant to G. L. c. 210, § 2A, were entered upon the department's petitions.[3] Absent the allowance of a stay, a court may act on the basis of a decree dispensing with consent to adoption.

The petitioners did not state in their motion to the single justice that they were entitled to an automatic stay of the judgments terminating their parental rights. The single justice's denial of relief was based upon his assessment of the merits of the appeals. He wrote that "no issue has been made to appear that would persuade a panel of the Appeals Court to disturb the judgment of

[1]Adoptions of William and Richard: the names of the children used in this rescript are fictitious.

[2]Duval is the lawful child of the parents conceived by artificial insemination with the mother's stepfather's sperm. The biological father has appealed in regard to Duval. The two companion cases involve William and Richard, Duval's younger brothers, who are the biological and lawful children of the parents, and who appeal as to all three children.

[3]Although the decrees of adoption may appear to moot the issue of stays, the focus of this appeal, the question of entitlement to a stay in cases dispensing with consent to adoption is one susceptible of repetition and likely to evade review. See, e.g., *Adoption of Emily,* 25 Mass. App. Ct. 579, 580 n.1 (1988).

the lower court. Accordingly, there is no apparent basis to warrant a single justice to cause the enforcement of the [decrees] to be delayed." Our review of the materials submitted to the single justice (which includes over sixty-four pages of detailed findings of the Juvenile Court judge) persuades us that the petitioners have failed to identify "meritorious issues in the usual sense of that phrase in appellate practice." *Jones* v. *Manns*, 33 Mass. App. Ct. 485, 492-493 & n.9 (1992). *Commonwealth* v. *Levin*, 7 Mass. App. Ct. 501, 503-504 (1979). The single justice acted well within his discretion, and we do not disturb his order.

As to the petitioners' automatic stay arguments, they refer us to *Adoption of Donald*, 44 Mass. App. Ct. 857 (1998), which they state suggests that an automatic stay of an order dispensing with consent to adoption is effectuated by the filing of a notice of appeal. In that case, we held that the sixty-day appeal period set forth in Mass.R.A.P. 4(a), as amended, 395 Mass. 1110 (1995), governs a parent's appeal from a decision of the District Court under G. L. c. 210, § 3, despite the ten-day period in G. L. c. 119, § 27. The case does not stand for the proposition the parents advance. That principle has no application here. We did say in *Adoption of Emily*, 25 Mass. App. Ct. 579, 581 (1988), that "[t]here are salutary methods by which conflict and uncertainty [with respect to obtaining discretionary stays] may be minimized, if not resolved." It appears that the petitioners did follow, albeit without success, the steps suggested in *Emily, id.* at 582 n.3, third par. That the single justice denied relief does not infringe upon the petitioners' rights to present the merits of their claims to a panel of this court.

In light of the above, we need not reach any of the other issues raised in the parties' briefs.

*Order of single justice denying motions for stays of decrees affirmed.*

*Margaret M. Geary* for the biological father.

*Ann Wagner* for the mother.

*Janice A. Ventura* for the father.

*Elizabeth A. Keliher,* Assistant Attorney General, for Department of Social Services.

*Susan F. Drogin* for two children.

*Ellen Woodward Morris,* for a child, was present but did not argue.