# United States Court of Appeals
## For the First Circuit

No. 16-1931

PAULO REZENDE,

Plaintiff, Appellant,

v.

OCWEN LOAN SERVICING, LLC; US BANK, N.A., as Trustee,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

Carmenelisa Perez-Kudzma on brief for appellant.
Marissa I. Delinks, Maura K. McKelvey, and Hinshaw & Culbertson LLP on brief for appellees.

August 25, 2017

**LYNCH**, **Circuit Judge**.  In August 2005, Paulo Rezende took out two loans from Aegis Funding Corporation ("Aegis") to refinance his mortgage on property in Everett, Massachusetts. Rezende executed mortgages identifying Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, "solely as nominee" for Aegis and its successors and assigns.  In June 2010, MERS assigned one of the mortgages to US Bank, N.A. ("US Bank"), as Trustee for Aegis Asset Backed Securities Trust, Mortgage Pass-Through Certificates, Series 2005.

After a default and a first loan modification in 2009, which was cancelled later that year, Rezende obtained a second loan modification in March 2010.  He did not receive any statements for the modified loan until September 2010.  He made payments from September 2010 through June or July 2013, at which time Ocwen Loan Servicing, LLC ("Ocwen") returned his latest payment and informed him that the loan was in default.[1]  In June 2015, Rezende sued Ocwen and US Bank (the "Defendants") in federal district court, invoking diversity jurisdiction, seeking, inter alia, unclouded title to the property, an injunction against foreclosure, and damages.  In June 2016, the district court granted Defendants' motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), and dismissed all six counts of Rezende's complaint.  On appeal,

---

[1]  The parties' briefs are inconsistent as to whether Ocwen returned Rezende's June or rather July 2013 payment.

Rezende argues that the district court's entry of judgment was premature and challenges the court's findings that (1) he lacked standing to raise a quiet title claim (count V) and (2) his claim under Massachusetts's consumer-protection law ("Chapter 93A claim") (count VI) was time-barred.[2]

We review the district court's judgment on the pleadings de novo. Jardín De Las Catalinas Ltd. P'ship v. Joyner, 766 F.3d 127, 132 (1st Cir. 2014) (citation omitted). We accept all of the non-moving party's well-pleaded facts as true and draw all reasonable inferences in his favor. Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). A judgment on the pleadings is only appropriate when "it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [his] claim which would entitle [him] to relief." Id.

Rezende's challenge that the court abused its discretion by considering and granting Defendants' allegedly premature Rule 12(c) motion lacks merit. Not only was Defendants' filing of their motion on January 25, 2016 itself timely,[3] but the district court

---

[2] Rezende does not challenge the district court's findings as to counts I-IV. In addition, we will not address various arguments Rezende attempts to raise on appeal but never presented to the district court. See Dyer v. Wells Fargo Bank, N.A., 841 F.3d 550, 556 (1st Cir. 2016) (argument raised for the first time on appeal is treated as waived).

[3] Motions for judgment on the pleadings may be filed "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Rezende asserts without support that pleadings are closed only once "the deadline for amendment of pleadings has run," then faults

did not even hear the motion until four months later on May 25, 2016, and granted it on June 24, 2016.  Rezende had ample time to seek leave from the court to amend his complaint, but chose not to do so.  We also dismiss Rezende's unsubstantiated assertion that "there were disputed issues of material fact . . . as to Counts V and VII [sic] of the Complaint," for it is not relevant in the context of a Rule 12(c) motion.  Rather, we agree with the district court's assessment that Defendants were entitled to judgment on the pleadings because Rezende failed to plead any set of facts that would entitle him to relief.

With respect to count V (quiet title), the district court properly found that Rezende lacked standing.  A mortgagor lacks standing to bring a quiet title action as long as the mortgage remains in effect.  See, e.g., Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012), abrogated on different grounds by Culhane v. Aurora Loan Servs. of Nebraska, 708 F.3d 282 (1st Cir. 2013); Flores v. OneWest Bank, F.S.B., 172 F. Supp. 3d 391,

Defendants for prematurely filing their motion an hour before Rezende's deadline for amending his complaint.  Rezende is incorrect.  A party may move under Rule 12(c) once the defendant has filed his answer.  See McGuigan v. Conte, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (pleadings closed for Rule 12(c) purposes once complaint and answer have been filed) (citing Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005)); Georges River Tidewater Ass'n v. Warren Sanitary Dist., No. 00-92-P-H, 2000 WL 891969, at *1-2 (D. Me. June 28, 2000) ("[C]losing of the pleadings within the meaning of Rule 12(c) is not determined by each district court's imposition of a deadline for amendment of the pleadings, or lack thereof.").

396 (D. Mass. 2016), appeal docketed, No. 16-1385 (1st Cir. Apr. 8, 2016). This is because under Massachusetts law, a quiet title action "cannot be maintained unless both actual possession and the legal title are united in the plaintiff," Daley v. Daley, 14 N.E.2d 113, 116 (Mass. 1938), yet "a 'mortgage splits the title in two parts: the legal title, which becomes the mortgagee's, and the equitable title, which the mortgagor retains.'" Bevilacqua v. Rodriguez, 955 N.E.2d 884, 894 (Mass. 2011) (quoting Maglione v. BancBoston Mortg. Corp., 557 N.E.2d 756, 757 (Mass. App. Ct. 1990)). Rezende's assertion that Defendants bear responsibility for his default is irrelevant: what matters is the existence of a mortgage, not whether the underlying loan is in default.

The district court also correctly rejected Rezende's attempts to circumvent his lack of standing by challenging MERS's assignment of the mortgage to US Bank. Rezende asserts that the assignment was void because MERS failed to seek permission from the bankruptcy court to assign the mortgage after Aegis had filed for bankruptcy. Rezende waived this argument by failing to cite any authority whatsoever in support of his conclusory assertion. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues . . . unaccompanied by some effort at developed argumentation[] are deemed waived."). As for Rezende's contention that the assignment was void because it was made after the closing date of the mortgage loan trust, Rezende lacked standing to bring

this challenge.  See Butler v. Deutsche Bank Trust Co. Ams., 748 F.3d 28, 37 (1st Cir. 2014) (borrowers lack standing to challenge mortgage assignment for alleged violation of trust's pooling and servicing agreement).  On appeal, Rezende cites Culhane's holding that "a mortgagor has standing to challenge a mortgage assignment as . . . void," but Culhane specified that a mortgagor "does not have standing to challenge shortcomings in an assignment that render it merely voidable."  708 F.3d at 291 (emphasis added). Here, the assignment, allegedly made in contravention of the trust agreement, was "at most voidable at the option of the parties to the trust agreement, not void as a matter of law."  Dyer, 841 F.3d at 554.

With respect to count VI, the district court correctly found that the Chapter 93A claim was time-barred.  Rezende alleges that the delay caused by Defendants' failure to provide him monthly statements between March and September 2010 was an "unfair and deceptive practice."  At the latest, this claim accrued by September 2010 and expired by September 2014--well before Rezende brought suit in June 2015.  See Mass. Gen. Laws ch. 260, § 5A (setting a four-year statute of limitations).  On appeal, Rezende asserts that the "trigger" for his claim was Defendants' notifying him in June 2013 that he was in default, but it is apparent from the face of the complaint that the predicate harm was Defendants' failure to timely bill Rezende in 2010.  See Compl. ¶¶ 79-85

(alleging that Defendants "delayed five months" before billing Rezende; that "[s]uch delay was unreasonable"; and that "[u]nreasonable delay may be an unfair and deceptive act").

Rezende's attempt to invoke the discovery rule "to salvage his untimely claims" is unavailing because, as the district court already noted, the alleged harm was not "inherently unknowable at the moment of [its] occurrence." Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 327 (1st Cir. 2013) (internal quotation marks omitted). Rezende argues that because Defendants failed to send him statements between March and September 2010, he could not have reasonably known of his default until Defendants notified him in June 2013. Yet Rezende signed the 2010 loan modification agreement, which expressly required him to make monthly payments, in March 2010 at the latest. Therefore, Defendants' delay in issuing statements and Rezende's default were not "inherently unknowable" harms. See id. (holding that the plaintiffs' alleged injury of payment of excess interest became "apparent" when plaintiffs signed the loan documents); see also St. Fleur v. WPI Cable Sys./Mutron, 879 N.E.2d 27, 35 (Mass. 2008) ("Typically, one who signs a written agreement is bound by its terms whether he reads and understands them or not.").

For these reasons, we affirm.