KENNETH SUTHERLAND & another[1] vs. AOLEAN
DEVELOPMENT CORPORATION.

Middlesex.   November 5, 1986. — January 14, 1987.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Lis Pendens. Practice, Civil,* Lis pendens notice.

Under the second paragraph of G. L. c. 184, § 15, as amended by St. 1985,
c. 809, a party aggrieved by a judicial authorization for recording of a
memorandum of lis pendens, or by the denial of an authorization, may
appeal to a panel of the Appeals Court pursuant to the second paragraph
of G. L. c. 231, § 118; and such a party also may seek relief from a
single justice of that court pursuant to the first paragraph of G. L.
c. 231, § 118. [39-40]

In deciding whether to endorse a memorandum of lis pendens pursuant to
G. L. c. 184, § 15, so as to make it properly recordable, a judge is not
required to determine that the complaint would survive a motion to
dismiss under Mass. R. Civ. P. 12 (b) (6). [40-41]

In a buyer's action on an agreement for the purchase and sale of five building
lots shown on a particular subdivision plan of land, which lots were to
be designated by the seller, the buyer's memorandum of lis pendens
could properly extend to all of the land from which the five lots could
be selected, where the complaint alleged that the seller had, without
right, refused to designate the five lots. [41-42]

CIVIL ACTION commenced in the Superior Court Department
on March 7, 1986.

The defendant's pretrial motion to dissolve a memorandum
of lis pendens was heard by *Charles R. Alberti,* J. A proceeding
in the Appeals Court for review of the denial of this motion
was heard by *John M. Greaney,* C.J., and a question of law
was reported by him to a panel of that court.

Other pretrial motions respecting the memorandum of lis
pendens were also heard in the Superior Court Department by

[1] Susan Sutherland.

*Alberti*, J., and the defendant sought review by a panel of the Appeals Court.

The Supreme Judicial Court on its own initiative transferred these matters from the Appeals Court.

*Robert S. Kutner* for the defendant.

*Michael C. Donahue* for the plaintiffs.

WILKINS, J. The defendant landowner (Aolean) has appealed from an order of a Superior Court judge, entered pursuant to G. L. c. 184, § 15, as amended by St. 1985, c. 809, allowing the plaintiffs to record a memorandum of lis pendens against certain property in a subdivision in Hopkinton. At the heart of the appeal is a dispute as to the scope of a judge's function in determining, in the words of § 15, "if the subject matter of the action constitutes a claim of a right to title to real property." If it does constitute such a claim, § 15 directs the judge to make a "finding" to that effect and to endorse the finding on the memorandum of lis pendens.

Aolean argues that the complaint fails to state a claim upon which relief can be granted and, for that reason, the judge erred in authorizing the recording of the memorandum. In addition, because the plaintiffs claim a right to only five lots in the subdivision, Aolean asserts that a lis pendens memorandum purporting to encumber all lots from which the five lots could be selected is overbroad and unlawful. We conclude that the judge did not err in authorizing the recording of the memorandum of lis pendens.

We recite the procedural background. On March 7, 1986, the plaintiffs filed a complaint alleging that they had paid a deposit of $25,000 and had entered into a purchase and sale agreement to purchase five lots "on Road B or C" shown on a particular subdivision plan of land in Hopkinton and that without right Aolean had refused to designate the five lots, all of which had to be buildable lots. On that same day, the plaintiffs' attorney at that time recorded a memorandum of lis pendens in the registry of deeds which recited that the action affected Aolean's title to all the land in the subdivision. The parties agree (and we accept solely for the purposes of this case) that the memorandum should not have been accepted for

recording because St. 1985, c. 809, which forbids the recording of such a memorandum unless judicial approval has been endorsed on it, became effective on February 12, 1986. That amendment added to G. L. c. 184, § 15 (1984 ed.),[2] a second paragraph requiring prior judicial authorization for the recording of a memorandum of lis pendens.[3]

---

[2] General Laws c. 184, § 15 (1984 ed.), stated: "A writ of entry or other proceeding, either at law or in equity, which affects the title to real property or the use and occupation thereof or the buildings thereon, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual notice thereof, until a memorandum containing the names of the parties to such proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies and a description of such real property sufficiently accurate for identification is recorded in the registry of deeds for the county or district where such real property lies; but this section shall not apply to attachments, levies of execution or proceedings, other than proceedings under equity jurisdiction, in the probate courts."

[3] It has been suggested that the 1985 amendment was adopted to provide protection against the recording of a memorandum of lis pendens to which this court had concluded in *Debral Realty, Inc.* v. *DiChiara,* 383 Mass. 559 (1981), a landowner was not entitled as a matter of constitutional right.

The 1985 amendment added to § 15 this paragraph: "Upon motion of any party, a justice of the court before which the action is pending shall, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, make a finding to that effect and endorse said finding upon said memorandum. No register of deeds nor assistant recorder of any district of the land court shall accept such memorandum for recording unless it contains such endorsement and is accompanied by an affidavit to the effect that the moving party has served notice of the allowance of such motion by certified mail addressed to all other parties prior to the recording of the memorandum. In the event the finding is made pursuant to an ex parte proceeding, any party aggrieved thereby may by motion move the dissolution of the memorandum and the court shall hear said motion forthwith. At such hearing, the party whose motion was allowed ex parte shall have the burden of justifying any finding in the ex parte order which is challenged by the party aggrieved thereby. Any party aggrieved by any ruling under this section may appeal pursuant to the provisions of section one hundred and eighteen of chapter two hundred and thirty-one. Nothing herein shall deprive an owner of registered land from proceeding under the provisions of section one hundred and fourteen of chapter one hundred and eighty-five to challenge the validity of the registration of a memorandum of lis pendens."

On April 22, 1986, after it learned of the recording of the memorandum, Aolean filed a motion to dissolve it as well as a motion to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The plaintiffs responded with a motion for an endorsement of judicial approval of its memorandum of lis pendens, which the motion judge allowed. The motion judge denied Aolean's motion to dismiss the complaint and also denied its motion to dissolve the memorandum as to lots on roads B and C in the subdivision.[4]

Aolean then sought relief from these orders from a single justice of the Appeals Court. The single justice declined to permit an interlocutory appeal from the denial of the motion to dismiss. He then concluded that it was uncertain whether the appeal pursuant to G. L. c. 231, § 118, referred to in the 1985 amendment, was to a single justice or to a panel of the Appeals Court. He reported the issue for review and denied Aolean's request to discharge the memorandum of lis pendens. Aolean also claimed an appeal to the Appeals Court from the orders allowing an endorsement on the plaintiffs' memorandum and denying Aolean's motion to dissolve the recorded notice of lis pendens. We transferred to this court both the report by the single justice of the Appeals Court and Aolean's interlocutory appeal.

1. We discuss first the question of what relief may be sought by a party aggrieved by an authorization or the denial of an authorization for the recording of a memorandum of lis pendens.[5] The reference in the second paragraph of § 15 to the right of any party aggrieved by a ruling under § 15 "to appeal" pursuant to G. L. c. 231, § 118, contemplates an "appeal" to a panel of the Appeals Court under the second paragraph of § 118. *Packaging Indus. Group, Inc.* v. *Cheney,* 380 Mass. 609, 613 (1980). Only the second paragraph of

---

[4] By excluding from the lis pendens memorandum lots on roads not within the plaintiffs' claim, the judge corrected the overly broad form of the lis pendens memorandum recorded on March 7, 1986.

[5] This point does not concern the parties at this stage of the case because, one way or another, the propriety of the judge's orders in light of the 1985 amendment is plainly before us.

§ 118 refers to an "appeal." Thus the appeal from the Superior Court judge's orders was properly to a panel of the Appeals Court and is here because of our transfer of that appeal to this court.

A party may also seek relief from a single justice pursuant to the first paragraph of § 118. We read § 15 as intended to permit an interlocutory appeal but not as intended to deny a party the right in the regular course to seek relief from a single justice of the Appeals Court under the first paragraph of § 118. *Packaging Indus. Group, Inc.* v. *Cheney, supra* at 614.

2. We reject Aolean's argument that, in deciding whether to endorse a memorandum of lis pendens so as to make it properly recordable, a judge must determine that the complaint would survive a motion to dismiss under Mass. R. Civ. P. 12 (b) (6).

Section 15 provides that if "the subject matter of the action constitutes a claim of a right to title to real property," the judge "shall" make a "finding" to that effect and endorse the memorandum. Rather than stating that the judge must rule whether the complaint states a valid claim, § 15 speaks of a finding (presumably of fact) and permits an aggrieved party to challenge any finding in the judge's order, if leave to record the memorandum was obtained ex parte. Section 15 does not state what "finding" a judge properly could make beyond the one the statute recites ("the subject matter of the action constitutes a claim of a right" to an interest in real property). Section 15 provides that, on a challenge to an ex parte order, the party who obtained the order "shall have the burden of justifying any finding" challenged in that order. Whatever this contemplated procedure involves, it is not directed solely to the allegations of a complaint (or counterclaim or cross claim). The issues are what is "the subject matter of the action," and does it consist of a claim of a right to title or use and occupation of real property. The question whether the complaint would survive a rule 12 (b) (6) motion to dismiss, without leave to amend, and questions concerning the discharge of the memorandum of lis pendens come at a later stage in the proceedings. See *Debral Realty, Inc.* v. *DiChiara,* 383 Mass. 559, 561 (1981).

With the mandate that the judge "shall" find and endorse, § 15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate. The judge should be concerned about the scope of the claimed interest in real estate to assure that no more land is subject to the notice of lis pendens than the subject matter of the action asserts an interest in.[6]

3. Although the scope of a lis pendens memorandum's reach is a relevant consideration when the issue of judicial endorsement is first raised under § 15 (and thereafter), the fact that the memorandum casts a cloud over more real estate than a claimant could recover, even if completely successful, is not always a basis for denying approval of the recording of such a memorandum. This case presents an example in which the land subject to the lis pendens notice properly could exceed the extent of the land the plaintiffs sought to recover. The plaintiffs' claim is to five buildable lots on either of two roads in a subdivision, which lots (it is alleged) were to be designated by Aolean, the defendant seller. A lis pendens memorandum relating to all lots owned by the seller on those two roads was a proper initial form of lis pendens notice. The plaintiffs claimed no right to select the lots. The defendant could eliminate the overbreadth of the lis pendens notice by designating the five buildable lots, without prejudice to its denial of liability, and by its obtaining a dissolution of the lis pendens memo-

---

[6] In October, 1986, Justice Armstrong of the Appeals Court filed a Memorandum and Orders in Dilan vs. Atiniz, A.C. No. 86-0312-CV, dealing in detail with matters relating to the proper interpretation of G. L. c. 184, § 15, as amended by St. 1985, c. 809. That memorandum indicated that, until an appellate panel interpreted the statute otherwise, the Justices of that court had agreed to follow the standards set forth in Justice Armstrong's memorandum. Justice Armstrong rejects, as do we, the view that, under § 15, a judge should deny endorsement on a lis pendens memorandum, or should order its dissolution, where the complaint is subject to dismissal under rule 12 (b) (6).

randum as to the other lots. In fact, that is substantially what happened while this appeal was proceeding.[7]

4. The order of the single justice of the Appeals Court denying Aolean's petition to dissolve the memorandum of lis pendens is affirmed. In response to the question reported by the single justice of the Appeals Court, we say that the appeal from the Superior Court orders denying dissolution of the memorandum and endorsing the memorandum (as to lots only on two roads) was properly before a panel of the Appeals Court (and now of this court). Those Superior Court orders are affirmed.

*So ordered.*

---

[7] An order restricting the lis pendens notice to five designated lots was entered by agreement. The agreement freed the other lots from the notice.

Section 15 does not explicitly state what the consequences are of a judicial dissolution of a memorandum of lis pendens, as to (a) persons who have constructive notice of the original memorandum, (b) persons who in fact learn of the recorded memorandum and dissolution (and thus of the lawsuit), or (c) persons who in fact know of the lawsuit quite apart from any knowledge of the recordings (and either do or do not know of the dissolution). Presumably § 15 was intended to produce some immediate beneficial effect for a landowner on dissolution (in whole or in part) of a notice of lis pendens. The issue is not presented in this case but seems worthy of legislative attention.

A California statute addresses the question as to what the consequences are of a recording of a dissolution of a notice of lis pendens, opting, except as to parties to the action, for "the absolute and complete free transferability of real property after expungement or withdrawal of a notice of pendency of action." Cal. Civ. Proc. Code § 409.8 (Deering 1986 Supp.). See also Cal. Civ. Proc. Code §§ 409.1 and 409.2.