Hely, J.
The Supreme Judicial Court has stated that in an application for a memorandum of lis pendens the trial court judge “should be concerned about the scope of the claimed interest in real estate to assure that no more land is subject to the notice of lis pendens than the subject matter of the action asserts an interest in.” Sutherland v. Aolean Development Corp., 399 Mass. 36, 41 (1987). The court’s concern about the scope of the proposed memorandum of lis pendens in this case warrants denial of the motion.
The complaint asserts an adverse possession interest in only some unspecified portion of the defendants’ Lot 2 near the lot line with the plaintiffs’ lot. The affidavits offered by the plaintiffs assert that their predecessors in title used an unspecified area near the lot line for a portion of a septic system, yard work and other purposes without realizing that they were intruding onto Lot 2. Considering the complaint and affidavits submitted by the plaintiffs, the proposed memorandum of lis pendens is far too broad, and it would unfairly and impermissibly encumber the defendants’ property.
The Motion for Approval of a Memorandum of Lis Pendens pursuant to M.G.L.c. 184, Sec. 15, is therefore denied.