Fecteau, J.
This case involves the contemplated purchase and sale of real property located at 26 Lynbrook Road, Southboro, Massachusetts. The plaintiff, the prospective buyer, alternatively seeks either specific performance or the return of her deposit; she also brings an action under G.L.c. 93A. A purchase and sale agreement was signed by the parties as of March 16, 2001. The transaction was due to close on April 6, 2001, and time was agreed by the parties to be “of the essence.” It appears that it was essential that the buyer be able to subdivide the parcel into 2 lots and a specific condition of the purchase was that the seller deliver 2 septic system construction permits approved by the Board of Health.
On or about one week prior to closing, the parties were informed by the Board of Health[1] of the Town of Southboro that one of the two permits that had been previously granted in October 2000, was being suspended temporarily pending Conservation Commission review of the site. Both parties appeared at the Registry of Deeds on the agreed-upon closing date of April 6, 2001, and both professed to be “ready, willing and able” to consummate the sale. However, the seller was not able to deliver 2 unconditionally approved septic permits and the buyer was unwilling to accept anything less. The purchase and sale did not consummate then nor has it since. On April 19, 2001, the buyer demanded return of her deposit. (See exh. “C” to plaintiffs complaint.)
On May 14, 2001, this suit commenced and the instant motion was filed contemporaneously with the complaint. On June 11, 2001, the parties were heard in connection with the above motion. The situation is presently unchanged with regard to the septic permits. Both parties still insist that each, and not the other, is “ready, willing and able” to perform. The defendant resists the application for lis pendens on the ground that the plaintiff is solely intent upon obtaining the return of her deposit and that the suspension of the permit was not the fault of the defendants and that it was beyond the ability of the defendant to cure notwithstanding their reasonable efforts to alleviate the defect. The defendant contends that, notwithstanding the very low threshold for endorsement of a lis pendens, the real "subject matter” of the action is not the right to title of real property but is rather money damages. The plaintiffs retort is that an endorsement by the court approving a lis pendens is required if the action concerns the right to title to real estate and that it is not relevant to the inquiry whether the complaint would survive a motion to dismiss, citing Sutherland v. Aolean Development Corp., 399 Mass. 36, 41 n.6 (1987).
The purchase and sales agreement allowed for an extension of up to 30 days for the seller to undertake reasonable remedial .measures to make the property conform to that promised. If the seller was still unable to convey as promised, then the buyer was given the option to waive the defect and proceed with the purchase. The suspension of one permit apparently has not been lifted. The buyer will not waive the defect nor accept the property subject to the Conservation Commission review. Now, more than 60 days have gone by since the contracted date of closing. The plaintiff is not alleging that the defendants have thrown up some artifice or subterfuge to obstruct a sale, nor do they appear to have done so, unlike the situation presented in Oberg v. Burke, 345 Mass. 596, 598-99 (1963). There the court stated “[i]f the seller has not been at fault or guilty of collusion in respect to the levy of attachment, then no conveyance may be required ... In the absence of a provision to the contrary, the seller had no obligation to extinguish the defect. . . Where, however, the seller has been at fault or has himself caused an impairment in the title, he is not in a position to make his escape from his agreement by invoking the clause we consider.” [Internal citations omitted.)
The plaintiff has not expressed nor implied that the suspension was in any way the fault of the sellers, nor has she expressed or implied any manner in which the seller’s efforts at a cure have been unreasonable, contractually or otherwise. Moreover, given the timing and suddenness of the suspension and that the plaintiff has not alleged such suspension came as a result of any conduct of the defendants, such an issue appears to be less relevant to the issue of specific performance and more relevant on the issue of whether the buyer is entitled to money damages including the return of her deposit. Indeed, instead of insisting that the sellers attempt a cure, she demanded the return of her deposit. Moreover, there is support for the argument that although the septic permits and Conservation Commission review are under two different jurisdictions, they are not entirely separate functions. The seller also claims that the buyer specifically assumed the risk of adverse action by the Conservation Commission. (See purchase and sale agreement, clause 28(b).) Moreover, in clause 28(a), the seller promised to deliver “the two permits,” *340 as opposed to “two permits,” arguably referring to the two permits that had already been approved by the board in October 2000. Finally, a question of fact left to be resolved later is the possible participation or acquiescence of the plaintiff herself in the suspension of the permit.
In her action for specific performance, the plaintiff first seeks an order that compels the defendants to obtain the two septic system construction permits. The purchase and sales agreement required the seller to deliver two approved permits. The seller was in a position to deliver said permits until March 29, 2001, one week prior to closing, until the Board of Health suspended one permit temporarily pending Conservation Commission review and approval. The seller was obligated to cooperate in obtaining approval by the commission by having their engineer attend the commission meeting prior to the closing. There is no allegation that the seller failed to comply with that requirement.
This court has jurisdiction to order specific performance of a contract for the purchase and sale of real property. The applicant must allege that she is ready, willing and able to perform. Since she first seeks an order that compels the defendant to obtain 2 septic permits, the plaintiff is therefore unwilling to accept the premises as it presently exists, and, therefore, does not appear to be ready and willing to perform. The failure of the defendants to be able to deliver the 2 permits, at the date of the contracted closing, or since, was beyond their control. The plaintiff had the right under the contract to waive the defect and take delivery of the property subject to commission review. She has not done so nor does it appear that she is willing to do so.
The threshold for endorsement of a memorandum of lis pendens is indeed quite low: whether the subject matter of the action seeks to establish a claim of right to title or use of real property. Notwithstanding the allegation in the complaint to the entitlement to specific performance and the prayer for such relief, either the plaintiff, as a practical matter, does not truly seek specific performance, since she is unwilling to waive the defect, or, specific performance does not lie. I find that the plaintiffs only purpose is to recover money damages. I find, therefore, that the subject of this action is not the right to title to real estate, nor its use. For the foregoing reasons, I decline to endorse as approved the plaintiffs proposed memorandum of lis pendens. The motion is, therefore, denied.

 The defendants also rather overtly suggest that the plaintiff, who is also a member of the local Board of Health, engineered the suspension in order to exert pressure on the defendant to return her deposit.