Agnes, A.J.
INTRODUCTION
The plaintiff Fountain View Estates Condominium Trust (“Fountain View”) brought this civil action against defendant Kathryn Baxendeli (“Baxendeli”) alleging breach of a right of first refusal to purchase any unit being sold in the condominium complex. This right was accorded to Fountain View by the bylaws of the condominium association. Fountain View has filed a request for a memorandum of lis pendens. In response, Baxendeli has filed a special motion to dismiss the complaint and for an award of attorneys fees pursuant to G.L.c. 184, §15.
FACTUAL BACKGROUND
The essential facts are not in dispute. Baxendeli is the Executrix of the Estate of James F. O’Connor, which owns the condominium unit located at 44 Trudeau Drive, Unit 2C, Warren, Massachusetts. This unit is part of the Fountain View Estates Condominium Association. In October 2002, Baxendeli retained the services of a realtor to sell the unit.
*159 The Fountain View Board of Trustees explicitly retains a right of first refusal for the sale of any unit. Article XIII of the by-laws of Fountain View states, in relevant part:
No Unit Owner... shall sell his Unit or any interest therein except by complying with the following provisions: Any Unit Owner who receives a bona fide offer for the sale of his Unit. . . (an “Outside Offer” and the party making such an Outside Offer is hereinafter referred to as “Outside Offeror”), which he intends to accept, shall give notice by certified or registered Mail to the Board of Trustees of such Outside Offer and of such intention . . . Within twenty (20) days after receipt of such notice, the Board of Trustees may elect, by notice to such Unit Owner, by certified or registered mail, to purchase such Unit, together with Appurtenant Interests, on the same terms and conditions as contained in the Outside Offer and as stated in the notice from the offering Unit Owner . . .
The plaintiff alleges that the unit was originally listed at approximately $89,000; however, the affidavit of the real estate broker, Barbara Toomey (“Toomey”), states that the original listing price was $99,900.
In December of 2002, Toomey received an offer to purchase the unit for $87,000 from Barry Robbins (“Robbins”). This offer was withdrawn shortly after it was made, no Purchase and Sale Agreement was prepared, and no written notice was sent to Fountain View.
In January of 2003, the realtor received an offer to purchase the unit for $86,000. Baxendell rejected this offer as being too low. According to the affidavit of Toomey, the offeror was acting as a straw for Wilfred Lemieux (“Lemieux”), who is the Trustee of Fountain View and the owner of five Fountain View units.
In late January of 2003, Toomey received an offer to purchase the unit for $92,000 from Benjamin Nye. The offer was accepted and a Purchase and Sale Agreement was executed in February 2003. Written notice was sent to Fountain View of the pending sale, requesting a Waiver of the Right of First Refusal (“Waiver”) and a 6D Certificate in order for the sale to be completed. Lemieux, as Trustee of Fountain View, refused to provide a Waiver and a 6D Certificate if the unit was to be sold for less than $99,900. The parties agreed to a $100,000 purchase price with $8,000 to be returned at closing. Lemieux, as Trustee of Fountain View, continued to refuse to provide these documents and the sale was terminated by the buyer on May 7, 2003 due to the Trustees’ failure to provide the necessary documentation.
On May 15,2003, Lemieux informed Baxendell that he was exercising a right of first refusal to purchase the unit for $87,000, based on Robbins’ offer from December 2002.
In February/March 2004 Toomey received an offer from Roy and Claudia Chaplin to purchase the unit for $117,900 with a $3,000 credit at closing. The offer was accepted, a Purchase and Sale Agreement was executed, and written notice was sent to Fountain View of the impending sale. Fountain View once again refused to deliver the Waiver and 6D Certificate, insisting that it had a right to purchase the unit at $87,000.
Fountain View filed a verified complaint on June 14, 2004, claiming breach of contract, breach of duly of good faith, and fraud. On the same day, Fountain View filed a request for a memorandum of lis pendens. In response, Baxendell filed a special motion to dismiss the complaint and for an award of attorneys fees pursuant to G.L.c. 184, §15.
DISCUSSION

Plaintiff’s Request for Memorandum of Us Pendens

In Sutherland v. Aolian Development Corp., 399 Mass. 36 (1987), the Supreme Judicial Court explained that the process of determining whether to approve a motion for a lis pendens does not call for a judicial determination of the merits of the underlying action. Id. at 40. “With the mandate that the judge ‘shall’ find and endorse, §15 gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate.” Id. at 41.
Thus, without examining the merits of this case, the court must determine whether Fountain View has an interest in real estate which it seeks to enforce. According to the by-laws of the condominium trust, Fountain View holds the right of first refusal to purchase any unit being sold in the condominium complex. “When the holder of a right of first refusal receives notice of a bona fide offer to purchase which the owner has decided to accept, the right of first refusal ripens into an option to purchase.” Stone v. W.E. Aubuchon Co., 29 Mass.App.Ct. 523, 526 (1990). Fountain View’s right of first refusal never ripened into an option to purchase the unit for $87,000 because there is no evidence that Baxendell decided to accept the offer from Robbins. The offer was withdrawn shortly after it was made, no Purchase and Sale Agreement was prepared or executed, and no notice was sent to Fountain View.[1] Fountain View has no power to accept an offer to purchase the unit for $87,000 since Baxendell merely had terms of an offer from Robbins without indication of her willingness to accept it. See 1A Corbin, Contracts §261 at 470 (1963). Since the condition of Baxendell expressing her willingness to accept Robbins’ offer was not met, no claim of right can be made by Fountain View to the unit. Thus, a memorandum of lis pendens is inappropriate.[2]

Defendant’s Special Motion to Dismiss Complaint and for an Award of Attorneys Fees

Under G.L.c. 184, § 15(c), a party may file a special motion to dismiss the claim if the party believes that *160 the claim supporting the memorandum of lis pendens is frivolous. The law states, “the special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law...” G.L.c. 184, §15(c). Upon consideration of the verified pleadings and affidavits, there is no reasonable factual or legal support for Fountain View’s claim. Upon receiving “bona fide” offers for sale of the unit that Baxendell intended to accept, she complied with the bylaws and provided proper notice to Fountain View. Baxendell did not sell, have a contract to sell, or notify Fountain View of an intention to sell the unit for $87,000; therefore, there is no basis on which Fountain View could have an option to purchase the unit for $87,000. Thus, the action brought against Baxendell is considered frivolous. G.L.c. 184, § 15(c) directs that upon the granting of the special motion to dismiss, costs and reasonable attorneys fees are to be awarded to the moving party.
ORDER
For the foregoing reasons, the plaintiffs request for a memorandum of lis pendens is DENIED. Furthermore, the defendant’s special motion to dismiss the complaint and for an award of attorneys fees pursuant to G.L.c. 184, §15 ALLOWED. Defendant’s attorney will submit an affidavit within ten (10) days detailing the reasonable attorney’s costs incurred by the defendant in this action. Upon submission of this affidavit, plaintiffs attorney will have seven (7) days to file a responsive affidavit. The award of attorneys fees will be made on the basis of the submissions.

Notice was not required to be sent to Fountain View because Baxendell did not intend to accept the offer.

If Baxendell had indicated her willingness to accept the offer from Robbins, the right of first refusal would have ripened into an option to buy the unit, and that right would have been specifically enforceable. See Greenfield County Estates Tenants Ass'n, Inc. v. Deep, 423 Mass. 81, 89 (1996) (“Specific performance is a proper remedy to enforce a valid option to purchase real property”).